FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SAMUEL H.,[1]

Plaintiff,

v.

FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-CV-00525-RLP

ORDER AFFIRMING THE COMMISSIONER'S DECISION

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 13. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ did not commit harmful legal error in evaluating Mr. H.'s symptom testimony or the lay witness testimony, notwithstanding the records submitted to the Appeals Council. Therefore,

[1] Plaintiff's first name and last initial are used to protect his privacy.

Mr. H.'s brief, ECF No. 13, is denied and the Commissioner's brief, ECF No. 17, is granted.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcript, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and therefore require only a brief summary.

Mr. H. was born in 1970. Tr. 162. He has a high school education. Tr. 51, 224. He protectively filed a Title II application for a period of disability and disability insurance benefits, alleging onset on March 8, 2022. Tr. 23, 25, 162-66. The application was denied initially and upon reconsideration. The ALJ held a hearing on January 7, 2025 and issued an unfavorable decision on February 21, 2025.

Mr. H. requested review by the appeals council and submitted additional evidence, including new imaging and a medical opinion. Tr. 1. The appeals council found that the evidence did not show a reasonable probability that it would change the outcome of the decision. *Id*. Mr. H. now requests review from this Court.

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir.

2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. H. has not engaged in substantial gainful activity since March 8, 2022. Tr. 25. At step two, the ALJ found Mr. H. had severe conditions including bladder cancer; disorder of the cervical spine; and brachial plexus injury on the left. Tr. 26.

At step three, the ALJ found that Mr. H. did not have an impairment or combination of impairments that meet or equal a listed condition. Tr. 26. With respect to RFC, the ALJ found Mr. H. can perform light work with the following

exceptions:

> except as lifting/carrying 20lbs occasionally and 10lbs frequently, sitting for six out of eight hours, and standing/walking for six out of eight hours. The claimant also has the following additional limitations: push/pull as much as can lift/carry; operate hand controls with left hand occasionally; reach, handle, finger occasionally on the left; never climb ladders, ropes or scaffolds; frequently climb ramps and stairs; avoid concentrated exposure to operational control of moving hazardous machinery; dominant hand is the right.

Tr. 26.

At step four, the ALJ found that Mr. H. is unable to perform any past relevant work. Tr. 28-29. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Mr. H. can perform. Tr. 29. Based on these adverse findings, the ALJ determined Mr. H. has not been under a disability, as defined in the Social Security Act, since March 8, 2022, the date of filing. Tr. 30.

## ANALYSIS

Mr. H. contends the ALJ failed to adequately address his symptom testimony and the lay witness testimony. He further argues the evidence submitted to the Appeals Council is not supported by substantial evidence. Based on these alleged errors, he argues the ALJ's erred at step five. The Court has reviewed the record, and concludes the ALJ gave clear and convincing reasons to reject Mr. H.'s symptom

testimony, which equally apply to the lay witness testimony, and the evidence submitted to the Appeals Council does not warrant any other outcome. Thus, the Court finds no error at step five. Each issue raised is addressed in turn.

*Symptom Testimony*

Mr. H. contends that the ALJ improperly found his testimony inconsistent with his treatment history, objective medical evidence, other statements in the record and his daily activities. The Commissioner contends that the above reasons were clear and convincing.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina,* 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).

The ALJ found Mr. H.'s statements concerning intensity, persistence and limiting effects of his alleged symptoms are not entirely consistent with his

treatment history, medical evidence, daily activities and other statements in the record. These are legally sufficient reasons for discredit testimony.

Evidence of conservative treatment is a legally sufficient basis for an ALJ to reject a claimant's symptom testimony in Social Security disability proceedings. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ rejected Mr. H.'s report that his symptoms worsened between 2022 and 2023 because it coincided with a gap in treatment and was not supported by objective medical evidence, citing to Tr. 1288 and 1296. "Gaps in a claimant's treating regimen may serve as a clear and convincing reason for rejecting a claimant's symptom severity." *Marsh v. Colvin*, 792 F.3d 1170, 1174 (9th Cir. 2015). The record reflects that Mr. H. returned to occupational medicine in June 2023 for the purpose of reopening his claim and reported worsening symptoms. The doctor opined that though his reported symptoms were worse, the clinical changes were not. Tr. 1296. While the Commissioner's argument that Mr. H. discontinued helpful interventions such as physical therapy and injections is supported by the record, *see* Tr. 484, the ALJ did not articulate this finding in the decision. Nevertheless, the ALJ's finding of "conservative" treatment was supported by the assessment that no assistive device was used. Mr. H. argues the ALJ failed to consider steps he took to alleviate his symptoms, such as resting his left upper extremity, but this similarly supports a finding of conservative treatment.

The ALJ conclusion that Mr. H.'s symptom testimony was inconsistent with the medical evidence was also reasonable. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi,* 53 F.4th 489, 498 (9th Cir. 2022). Here, the ALJ summarized the objective evidence and found limitations greater than the RFC finding are not consistent with the record. Tr. 28. The only symptom the ALJ identified as being undermined by the medical evidence was Mr. H.'s alleged difficulties with his upper extremities. While the medical evidence discussed largely relates to Mr. H.'s cervical impairments*, see* Tr. 27 (discussing Mr. H.'s imagining of Mr. H.'s cervical spine throughout 2021, and examinations showing normal gait), the decision contains enough discussion of objective medical evidence inconsistent with upper extremity limitations, such as exams showing a 4-5/5 left grip strength, including the February 28, 2024 record Mr. H. highlights. *See* Tr. 28 (citing Tr. 2178). To the extent the ALJ could have provided more detailed explanation or additional citations, any error is harmless as the ALJ provided other clear and convincing reasons supported by substantial evidence.

The ALJ's decision was further supported by Mr. H.'s daily activities, and inconsistent statements in the record. The ALJ found Mr. H. alleged a level of severity in his upper extremities inconsistent with his daily activities, such as

driving, making meals, shopping, playing pool, texting, and using a tablet. The ALJ explained that driving "demonstrate[es] the ability to grip the steering wheel, turn the steering wheel, open the car door, and use foot controls" and the activities "demonstrate the ability to use the upper extremities for grasping, fingering, and reaching." Tr. 27. In response, Mr. H. argues that many of these activities do not require the use of two hands. Even if true, Mr. H.'s statements concerning his daily activities are consistent with the RFC finding. Mr. H. testified at the hearing that 1) he can hold a glass of water in his left hand for a short period of time, but doing so for a long time will cause his muscles to constrict; 2) he can make a sandwich using his left hand with his right hand, although he does not grip the sandwich with his left hand; 3) he can lift up to 10 pounds; and 4) he can raise his arms shoulder height. Tr. 55-61. These limitations appear to be consistent with a limitation to light work "except as lifting/carrying 20lbs occasional and 10lbs frequently," "push/pull as much as much as can lift/carry," and limiting the use of hand controls and fingering on the left to "occasionally," and "never climb ladders, ropes or scaffolds." Tr. 26.

*Lay Witness Testimony*

Mr. H. contends the ALJ failed to provide germane reasons for rejecting the lay witness testimony. The Commissioner contends the ALJ had no obligation to consider non-medical opinions. Indeed, 20 C.F.R. § 404.1520c(d) provides the

Commissioner is "not required to articulate how we considered evidence from nonmedical sources using the requirements [for considering medical sources]." However, the Ninth Circuit has not yet determined whether the revised regulations no longer require an ALJ to articulate any reason for rejecting lay testimony. *See Williams v. O'Malley,* 2024 WL 3519774, at *3 n.4 (9th Cir. July 24, 2024). Whether an ALJ must still provide germane reasons to reject a nonmedical statement remains an open question. *See Donnelly, v. Commissioner of Social Security*, 2025 WL 1473954, at *14 (E.D. Cal. May 22, 2025). Regardless of whether the germane reasons are required, the ALJ is required to determine the RFC based upon all relevant evidence of record, including observations made by nonmedical sources. 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3)).

Here, the ALJ acknowledged the lay witness statements and said they were considered as those from people familiar with Mr. H. on a routine and regular basis. Tr. 27. The ALJ noted the lay witnesses indicate Mr. H. has significant upper extremity limitations, but found that any limitations beyond those in the RFC were not supported by the limited objective findings and treatment record. Tr. 27. Because the lay witness statements essentially refer to the same allegations made by Mr. H. as discussed above, the ALJ's findings about Mr. H.'s symptom statements are supported by substantial evidence. Nothing in the lay witness

statements would change the ALJ's conclusions based upon the evidence of record. *See Molina*, 674 F.3d at 1115. Accordingly, the ALJ's consideration of the lay witness statements is sufficient.

*Evidence Submitted to the Appeals Council*

Mr. H. argues the imaging and medical opinion submitted to the Appeals Council demonstrates the ALJ's decision is not supported by substantial evidence. The Commissioner contends the newly submitted records do not undermine the substantial evidence supporting the ALJ's decision because they are cumulative of other evidence in the record.

The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin*., 682 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2012). "Such evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination.'" *Lynne M. R. v. Comm'r of Soc. Sec*., 2023 WL 6842623 at *5 (W.D. Wash. Oct. 17, 2023) (*quoting Bruton v. Massanar*i, 268 F.3d 824, 827 (9th Cir. 2001)).

Mr. H. submitted additional records from February 2025 to the Appeals Council for consideration. The records contained imaging of his cervical spine and left shoulder, as well as a medical opinion from Dr. Schandelmeier. Tr. 17-19, 36-38. The Commissioner contends the newly submitted imaging reports do not undermine the substantial evidence supporting the ALJ's decision because they are cumulative of earlier imaging and clinical evidence already considered by the ALJ, such as the July 2021 MRI, and the new imaging does not demonstrate a significant worsening of his condition or reveal functional deficits beyond those already addressed. Mr. H. does not argue or articulate how or why the updated imaging is material. *Decker v. Berryhill*, 856 F.3d 659, 665 (9th Cir. 2017) (citing *Brewes*, 682 F.3d at 1164). While Dr. Schandelmeier opines that Mr. H.'s limitations are more severe than the RFC, the Commissioner persuasively points out that the limitations are not tied to any new clinical findings or test results. Accordingly, this evidence does not undermine the ALJ's decision.

*Step Five*

Finally, Mr. H. asserts that the ALJ also erred because the vocational testimony relied on was without evidentiary value as it was provided in response to an incomplete hypothetical. This argument is foreclosed because, as discussed above, the ALJ properly evaluated the evidence in this case. This restatement of Mr. H's argument fails to establish error at step five. *Stubbs-Danielson v. Astrue*,

539 F.3d 1169, 1175-76 (9th Cir. 2008). The Court finds no error at step five.

CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Mr. H.'s Brief, **ECF No. 13**, is **DENIED**.

2. Defendant's Brief, **ECF No. 17**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** September 15, 2026.

REBECCA L. PENNELL
United States District Judge